MANDATE

22-1245
ITT Inc. v. Factory Mutual Insurance Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-three.

Present:
>    DEBRA ANN LIVINGSTON,
>        *Chief Judge*,
>    PIERRE N. LEVAL,
>    JOSÉ A. CABRANES,
>        *Circuit Judges*.

_____

ITT INC.,

>    *Plaintiff-Appellant*,

v.                                                                                          22-1245

FACTORY MUTUAL INSURANCE COMPANY,

>    *Defendant-Appellee*.

_____

For Plaintiff-Appellant:                    JEFFREY S. RASKIN (Michael C. D'Agostino, *on the brief*), Morgan, Lewis & Bockius LLP, San Francisco, CA & Hartford, CT.

For Defendant-Appellee:                 KELLY A. LIBRERA (Harvey Kurzweil, George E. Mastoris, Adam P. Moskowitz, *on the brief*), Winston & Strawn LLP, New York, NY.

MANDATE ISSUED ON 02/22/2023

Appeal from a judgment of the United States District Court for the District of Connecticut (Merriam, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant ITT Inc. ("ITT") is a worldwide diversified manufacturing and technology company serving the aerospace, transportation, energy, communications, and industrial markets, whose business operations were interrupted by the COVID-19 pandemic. ITT sued Defendant-Appellee Factory Mutual Insurance Company ("FM Global"), for breach of contract after FM Global denied ITT's claim under an "all-risk" insurance policy (the "Policy") for the losses it suffered as a result of the COVID-19 pandemic and related governmental restrictions. The district court dismissed the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that ITT's allegations concerning the impact of COVID-19 on ITT's operations did not constitute "physical loss or damage," as necessary to trigger coverage under the Policy. *See ITT Inc. v. Factory Mut. Ins. Co.*, No. 21 Civ. 156 (SALM), 2022 WL 1471245 (D. Conn. May 10, 2022). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, which we relay only as necessary to explain our decision to affirm.

We review *de novo* a district court's dismissal under Rule 12(b)(6). *Cornelio v. Connecticut*, 32 F.4th 160, 168 (2d Cir. 2022). At the motion to dismiss stage we must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). That said, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted), and a complaint cannot "tender[ ] naked assertions devoid of

2

further factual enhancement," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal alterations, quotation marks, and citation omitted). In this diversity case, neither party disputes that the issues are governed by Connecticut law. Because all the Policy provisions ITT cites as bases for coverage require a showing of "physical damage" or "physical loss or damage," App'x 438–39,[1] the core interpretative issue on appeal is whether, under Connecticut law, these phrases unambiguously denote a physical alteration to property or, as ITT contends, they may encompass the presence of a dangerous disease, such as COVID-19, that affects the habitability of property.

In construing the Policy, the district court determined that, consistent with the general consensus of federal and state courts, "the plain, ordinary meaning of the phrase 'physical loss or damage' . . . unambiguously requires physical damage or physical alteration to property." *See ITT Inc.*, 2022 WL 1471245, at *6 (internal quotation marks omitted); *see also id.* at *6–10 (providing explanation and collecting cases). The Connecticut Supreme Court recently joined this consensus, likewise holding that "in ordinary usage, the phrase 'direct physical loss of . . . [p]roperty' clearly and unambiguously means that there must be some physical, tangible alteration to or deprivation of the property that renders it physically unusable or inaccessible." *Conn. Dermatology Grp., PC v. Twin City Fire Ins. Co.*, No. SC 20695, slip op. at 8 (Conn. Jan. 27, 2023) (alterations in original). Under this plain reading, a property insurance policy covering "direct physical loss of or physical damage to" property "does not include the suspension of business operations on a physically unaltered property in order to prevent the transmission of the coronavirus." *Id.* Because the Policy is substantively identical in relevant respect to that at issue in *Connecticut*

---

[1] The only provision that ITT contends entitles it to coverage without a variation of this language is the "Claims Preparation Costs" provision. This does not alter the analysis, however, because the applicability of this provision hinges on the existence of an "insured loss . . . for which [FM Global] has accepted liability." App'x 477.

3

*Dermatology*, we construe the pertinent language in accordance with this precedent.

ITT next argues that even if "physical loss or damage" entails physical alteration to property, it has adequately alleged such physical impact to property with its allegations concerning how COVID-19 interacts with property. The district court's contrary conclusion, ITT contends, represents a factual determination on an emerging scientific issue that is inappropriate at the pleading stage. For the following reasons, we disagree.

ITT offers only conclusory assertions that "COVID-19 causes a tangible, measurable, and physical change or alteration in property." App'x 429. In its pleadings, ITT refers to scientific studies explicating the "interaction between spike proteins and ambient airborne particulate matter and common property surfaces, such as metals, wood, plastics, fabrics, and glass" to corroborate its allegations of physical loss or damage. *Id.* Nowhere, however, does ITT specify a single object or piece of property that required repair or replacement due to exposure to COVID-19. The absence of any such allegation renders implausible ITT's contention that COVID-19, a disease caused by a virus whose impact on property is indiscernible to the human eye, physically altered ITT's property to the point of physical damage or loss. Moreover, that ITT had to "physically reconfigure" its facilities and "install physical safety features" to restore the use of its premises does not render plausible its contention that COVID-19 caused "physical loss or damage" to its property because—as ITT admits—such measures served to "mitigate communicable disease spread," not repair damaged property. App'x 430; *see also Conn. Dermatology*, slip op. at 10 ("[T]he plaintiffs' activities designed to prevent the transmission of the coronavirus on the properties were not 'repairs' in any ordinary sense of the word.").

\*   \*   \*

4

We have considered ITT's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:  
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy  
Catherine O'Hagan Wolfe, Clerk  
United States Court of Appeals, Second Circuit

5